IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RICHARD FREEMAN and<br>CHARLENE J. FREEMAN,<br><br>*Plaintiff*s,<br><br>vs.<br><br>J. GUADALUPE CABRAL and<br>C&A TRUCKING, INC.,<br><br>*Defendants*. | § § § § § § § § § § § § | 2:05-CV-508 |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendants J. Guadalupe Cabral and C&A Trucking, Inc.'s Motion for Leave to Designate Responsible Third Party and Brief in Support (Docket No. 17). After careful consideration, the Court **DENIES** the motion.

BACKGROUND

Plaintiffs Richard and Charlene Freeman (the "Freemans") allege injuries suffered as a result of an automobile accident involving their vehicle and the vehicle owned by Defendant C&A Trucking, Inc. ("C&A") and operated by Defendant J. Guadalupe Cabral ("Cabral"). Defendants have alleged in their First Amended Original Answer that the accident resulted from Cabral being forced to take evasive action to avoid colliding with a wheel that had become detached from a third vehicle traveling eastbound on Interstate 30 at the time of the accident. Defendants have alleged that the unknown operator of this vehicle violated several penal provisions of the Texas Transportation Code that resulted in the accident. Defendants seek to designate that unknown operator as a

1

Responsible Third Party.

**APPLICABLE LAW**

A defendant may join a "responsible third party" who is alleged to have caused or contributed to cause in any way the harm for which recovery of damages is sought in the action. *See* TEX. CIV. PRAC. & REM. CODE §33.001. Moreover, a defendant may designate an unknown person as a responsible third party where the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit. *See* TEX. CIV. PRAC. & REM. CODE §33.004(j). A court shall grant a motion for leave to designate the unknown person as a responsible third party if: (1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal; (2) the defendant has stated in the answer all identifying characteristics of the person, known at the time of the answer; and (3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure. *Id.* An unknown person so designated is denominated as "Jane Doe" or "John Doe" until the person's identity is known. *See id.* at (k).

**ANALYSIS**

Defendants contend that an unknown person or persons committed a criminal act that was a cause of the loss or injury complained of by the Plaintiff on August 2, 2005. More specifically, in their First Amended Original Answer (Docket No. 15), Defendants allege:

> [a]n unknown vehicle traveling eastbound on Interstate 30 operated his or her
> vehicle in a criminally reckless and/or criminally negligent manner, and

> violated the penal provisions of the Texas Transportation Code and the Federal Motor Vehicle Safety Regulations. These criminal acts caused a wheel hub from the unknown driver's vehicle to become separated from the vehicle and travel across the median striking the vehicle driven westbound on Interstate 30 by Defendant Cabral. This event caused Defendant Cabral to lose control of his vehicle causing the accident and injuries complained of by Plaintiffs. . . .The only identifying information concerning the unknown criminal actor that is currently known by the Defendant is that he or she was operating a tractor-trailer rig in the eastbound lane of Interstate 30 in Dallas on August 2, 2005, the date of the accident in question, which lost at least one of its tires and hubs. No additional information regarding this unknown criminal actor is known by Defendants at this time.

Defendants argue that the unknown driver violated several state and federal laws including Texas Transportation Code §§545.401(a) and 547.004(a), as well as 49 C.F.R. §§396.3, 396.7, and 396.13, adopted by the Texas Department of Transportation. As pointed out by Defendants in their motion, violations of the referenced provisions of the Texas Transportation Code are considered criminal offenses. TEX. TRANSP. CODE §§644.151. Defendants, however, failed to provide any authority that a violation of the referenced provisions of the Code of Federal Regulations is a criminal offense. The aforementioned statutes provide as follows:

> **§ 545.401.** RECKLESS DRIVING; OFFENSE. (a) A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.
>
> **§ 547.004.** GENERAL OFFENSES. (a) A person commits an offense that is a misdemeanor if the person operates or moves or, as an owner, knowingly permits another to operate or move, a vehicle that: (1) is unsafe so as to endanger a person; (2) is not equipped in a manner that complies with the vehicle equipment standards and requirements established by this chapter; or (3) is equipped in a manner prohibited by this chapter.
>
> **49 C.F.R. §396.3** Inspection, repair, and maintenance. (a) General. Every motor carrier shall systematically inspect, repair, and maintain, or cause to be systematically inspected, repaired, and maintained, all motor vehicles subject to its control. (1) Parts and accessories shall be in safe and proper operating condition at all times. These include those specified in part 393 of this

subchapter and any additional parts and accessories which may affect safety of operation, including but not limited to, frame and frame assemblies, suspension systems, axles and attaching parts, wheels and rims, and steering systems. (2) Pushout windows, emergency doors, and emergency door marking lights in buses shall be inspected at least every 90 days. (b) Required records--For vehicles controlled for 30 consecutive days or more, except for a private motor carrier of passengers (nonbusiness), the motor carriers shall maintain, or cause to be maintained, the following record for each vehicle: (1) An identification of the vehicle including company number, if so marked, make, serial number, year, and tire size. In addition, if the motor vehicle is not owned by the motor carrier, the record shall identify the name of the person furnishing the vehicle; (2) A means to indicate the nature and due date of the various inspection and maintenance operations to be performed; (3) A record of inspection, repairs, and maintenance indicating their date and nature; and (4) A record of tests conducted on pushout windows, emergency doors, and emergency door marking lights on buses. (c) Record retention. The records required by this section shall be retained where the vehicle is either housed or maintained for a period of 1 year and for 6 months after the motor vehicle leaves the motor carrier's control.

**49 C.F.R. §396.7** Unsafe operations forbidden. (a) General. A motor vehicle shall not be operated in such a condition as to likely cause an accident or a breakdown of the vehicle. (b) Exemption. Any motor vehicle discovered to be in an unsafe condition while being operated on the highway may be continued in operation only to the nearest place where repairs can safely be effected. Such operation shall be conducted only if it is less hazardous to the public than to permit the vehicle to remain on the highway.

**49 C.F.R. §396.13** Driver inspection. Before driving a motor vehicle, the driver shall: (a) Be satisfied that the motor vehicle is in safe operating condition; (b) Review the last driver vehicle inspection report; and (c) Sign the report, only if defects or deficiencies were noted by the driver who prepared the report, to acknowledge that the driver has reviewed it and that there is a certification that the required repairs have been performed. The signature requirement does not apply to listed defects on a towed unit which is no longer part of the vehicle combination.

Defendants are required to plead facts sufficient for the Court to determine that there is a reasonable probability that the act of the unknown person was criminal. The only facts pleaded by Defendants are that the driver of a truck lost a wheel while driving down the highway. Loss of a

wheel, alone, is not evidence of a criminal act.  Simply claiming that another driver lost a wheel and then referencing every conceivable law that might impose criminal liability cannot be what the Legislature intended when it drafted §33.004 of the Texas Civil Practice and Remedies Code.  Defendants have not demonstrated that the loss of the wheel was caused by any intentional, or even reckless, conduct of the truck driver.

## CONCLUSION

Because Defendants have not pleaded sufficient facts for the Court to determine that there is a reasonable probability that the act of the unknown person was criminal, the Court need not address the other requirements under the analysis.  Accordingly, leave to designate the unknown driver as a responsible third party is not appropriate, and the Court **DENIES** the motion.

**So ORDERED and SIGNED this 20th day of April, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**